IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER COLUMBUS BYRD, #165975, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) )  CASE NO. 2:23-cv-280-RAH |
| CHRISTOPHER GORDY, *et al.*, | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Christopher Columbus Byrd, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Thereafter, Respondents filed an Answer, arguing that Byrd's claims are time-barred. (Doc. 12 at 5–9.) On May 25, 2023, the Court ordered Byrd to show cause as to why his petition should not be dismissed. (Doc. 13 at 2.) On June 22, 2023, Byrd filed his response. (Doc. 14.) Upon consideration of the parties' filings, and for the reasons below, Byrd's § 2254 petition will be denied without an evidentiary hearing as time-barred and therefore will be dismissed with prejudice.

### II.   BACKGROUND

Byrd was convicted of manslaughter in January 2010 and was sentenced to a term of life imprisonment on February 18, 2010. (Doc. 14-1 at 1.) Byrd appealed to the Alabama Court of Criminal Appeals (ACCA). On July 1, 2011, the ACCA affirmed Byrd's conviction and sentence. (Doc. 12-2 at 1.) Byrd subsequently petitioned the Alabama Supreme Court (ASC) for a writ of certiorari. The ASC

denied his petition, *Ex Parte Byrd*, 123 So. 3d 20, tbl. (Ala. 2011), and issued a certificate of judgment on September 9, 2011. (Doc. 12-2 at 1.) This concluded Byrd's direct appeal proceedings. Byrd did not seek certiorari review in the United States Supreme Court.

On September 10, 2012, Byrd filed a postconviction petition under Rule 32 of the Alabama Rules of Criminal Procedure in the Circuit Court of Montgomery County, Alabama. (Doc. 12-11.) On January 11, 2013, the circuit court denied his petition. (*Id.* at 12.) Byrd filed an untimely appeal, which was dismissed by the ACCA. (Doc. 12-3 at 1.) The ACCA issued a certificate of judgment on November 26, 2013. (*Id.*)

On December 16, 2013, Byrd filed a second Rule 32 postconviction petition. (Doc. 12-4 at 2.) The circuit court denied his petition as untimely under Rule 32, and the ACCA upheld the denial. (*Id.* at 2–3.) The ACCA issued a certificate of judgment on November 5, 2014. (Doc. 12-5 at 1.) Byrd filed third and fourth Rule 32 postconviction petitions, which were also denied as untimely. (Doc. 12-14 at 2–3; Doc. 12-7 at 2.) The ACCA affirmed the circuit court's denial of his fourth petition and issued of certificate of judgment on June 9, 2017. (Doc. 12-7 at 2–3; Doc. 12-8 at 1.)

In April 2018, Byrd filed a fifth Rule 32 petition. (Doc. 12-10 at 2.) The circuit court again denied his petition, and the ACCA affirmed on April 22, 2022.[1] (*Id.* at 2–5.) On April 12, 2023, Byrd filed the present petition for a writ of habeas corpus, raising several claims for postconviction relief. (Doc. 1.)

### III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

---

[1] Byrd styled his petition as "State Habeas Corpus" action. (Doc. 12-10 at 1.) The ACCA determined that it was actually a successive Rule 32 petition. (*Id.*)

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A.   Computation of Timeliness**

The conviction that Byrd challenges in his § 2254 petition became final on September 9, 2011, the date on which the ASC entered a certificate of judgment. (Doc. 12-2 at 1.) Thus, the limitation period governing Byrd's habeas petition began on December 8, 2011—ninety days after the judgment—meaning he had until December 8, 2012, to file a timely § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). Byrd, however, did not file his § 2254 petition until April 12, 2023—over eleven years

later. As such, his petition is time-barred unless the time period is statutorily or equitably tolled.

## B. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly filed state court petition. *See id*. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Under the Alabama Rules of Criminal Procedure, a Rule 32 postconviction petition must be filed within one year after the issuance of the certificate of judgment by the ACCA. Ala. R. Crim. P. 32.2(c)(1).

The AEDPA limitation period began to run on December 8, 2011. Byrd properly filed his first Rule 32 petition nine months later on September 10, 2012, within the one-year limitation period under Rule 32.2. (Doc. 12-11.) As such, the limitation period was tolled during the pendency of his first petition. On January 11, 2013, the circuit court denied his petition. (*Id.* at 12.) The ACCA later dismissed his appeal as untimely and issued a certificate of judgment on November 26, 2013. (Doc. 12-3 at 1.) The statutory tolling period expired after resolution of Byrd's first Rule 32 petition. It is not necessary to decide whether the statutory tolling period ended when Byrd failed to timely appeal the circuit court's decision or when the ACCA denied his appeal as untimely and entered a certificate of judgment because even at the latest date, the AEDPA limitation period expired over nine years before this petition.

Once the tolling period expired, Byrd had three months remaining in his AEDPA limitation period and it expired—at the latest—on or around February 2014—over nine years before he filed this § 2254 petition.

Byrd's second Rule 32 postconviction petition did not toll the limitation period. On December 16, 2013, Byrd filed a second Rule 32 postconviction petition.

4

(Doc. 12-4 at 2.) The circuit court denied his petition as untimely, and the ACCA upheld the denial. (*Id.* at 2–3.) The ACCA held that Byrd's second Rule 32 petition was procedurally barred because it was filed well after the one-year limitation under Rule 32.2(c). (*Id.*) "Where the petition is not 'properly filed' there is no tolling of the one-year limitations period" under AEDPA. *Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir. 2000). Thus, the AEDPA limitation period did not toll during the pendency of his second Rule 32 petition because it was not "properly filed."

Byrd also does not adequately set forth other allegations or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). That is, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition; that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. Thus, Byrd is not entitled to statutory tolling.

**C.    Equitable Tolling**

AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). That said, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation marks and citation omitted). The United States Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "The petitioner has the burden of establishing

5

his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted).

Byrd has failed to provide a sufficient factual basis to invoke equitable tolling. He argues that Alabama law makes it virtually impossible to adequately present an ineffective assistance of counsel claim. (Doc. 1 at 6.) But Byrd did present an ineffective assistance claim in his first Rule 32 postconviction petition. (Doc. 12-11 at 12.) The circuit court denied his claim on the merits. (*Id.*) His filings do not demonstrate that he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his § 2554 petition. Thus, based on the record before the Court, Byrd is not entitled to equitable tolling.

## IV.     CONCLUSION

Accordingly, for the reasons above, it is **ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 1) is **DENIED** without an evidentiary hearing and this case is **DISMISSED WITH PREJUDICE**.

Furthermore, a certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural

ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Byrd's § 2254 petition debatable, a certificate of appealability is **DENIED**.

**DONE** and **ORDERED** on this the 14th day of October 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE